
FILED
MAY 21 2019

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| RONNIE FIRE CLOUD, | 1:16-CV-01024-CBK |
|---|---|
| Petitioner, | ORDER DENYING REEQUEST FOR A CERTIFICATE OF APPEALABILITY AND ORDER DENYING REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS* |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner was convicted of abusive sexual contact and attempted aggravated sexual abuse and was sentenced on December 30, 2013, to 120 months imprisonment. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Fire Cloud, 780 F.3d 877 (8th Cir. 2015). He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance at trial, sentencing, and on appeal.

The petition was denied without a hearing and a judgment of dismissal entered on December 20, 2018. Petitioner filed a notice of appeal on May 15, 2019, along with a motion for a certificate of appealability and a motion to proceed on appeal *in forma pauperis*.

## DECISION

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

Petitioner contended and continues to contend that counsel was ineffective in failing to investigate his claimed alibi. He contends that counsel should have obtained his tribal court criminal records and the records from the Housing Authority, which records he contends would show that he was sentenced to work community service on the date of the offense. He also contends counsel should have interviewed his community service supervisor who could testify that he was at work on the date of the offense, thus showing he had an alibi. Finally he contends that counsel should have interviewed several listed individuals who could testify about the defendant's movements when he was not at work on the date of the offense.

Counsel for defendant submitted affidavits in response to the motion to vacate. He stated in one of his responses that he was aware of the claimed alibi witnesses but he did not interview them because the "proposed alibi defense did not span the time that the victim alleged that the crime occurred." Petitioner did not, at any time during the pendency of the motion to vacate, submit sufficient witness affidavits or other documentation which supported petitioner's claimed alibi. This Court made specific findings about the petitioner's veracity in conjunction with the motion to vacate. For example, petitioner made outlandish allegations that the trial transcript was edited and redacted in several respects. I found that his allegations that he advised counsel of facts that would have supported a viable alibi defense cannot be accepted as true because they are inherently incredible.

Petitioner has now filed a notice of appeal and has attached copies of his tribal court records showing that, on October 28, 2010, the defendant was sentenced in tribal court for his ninth charge of criminal contempt (in this case he was consuming alcohol while on tribal probation). As shown by the records, part of the sentence included an order that petitioner complete nine days of community service at the Housing Authority by November 11, 2010. The offense of conviction was alleged to have occurred on November 2, 2010. Defendant has contended throughout the pendency of his motion to vacate that Housing Authority records and testimony from his community service

supervisor would show that he was in fact at work at the Housing Authority on the date of the offense.

It now appears that there did exist records showing that the defendant had been sentenced to serve community service during the time frame of the offense of conviction. There still are no records or witness affidavits showing that the defendant was in fact at his assigned job during the offense.

Whether records or other evidence was available prior to trial to support an alibi defense is not the issue in evaluating a motion to vacate. The issue was whether the petitioner carried his burden to show that counsel was ineffective in failing to interview witnesses or discover mitigating evidence. As set forth previously, and as set forth in more detail in the order dismissing the motion to vacate, petitioner's allegation in this regard were not accepted as true because he had made many, many other outlandish and clearly false allegations in his papers in support of his motion to vacate. Based upon his complete lack of credibility, I found, and still find, that the petitioner has not carried his burden in showing that his Sixth Amendment right to the effective assistance of counsel was denied. Petitioner has not made a substantial showing that jurists of reason would find it debatable whether the petition was correctly dismissed.

In any event, petitioner's notice of appeal and request for a certificate of appealability are untimely. Petitioner requests "equitable tolling for his delayed second or successive motion." This request is in error since it is his notice of appeal that is untimely. He has not filed a second or successive motion. He has not set forth any cause, much less good cause, for the delay in filing an appeal. It appears from the records attached to the notice of appeal that the tribal court sent to petitioner a copy of his tribal court records in January 2017. He did not submit those to this Court in support of his motion to vacate. Petitioner had possession of those records long before I denied his motion to vacate. He therefore cannot rely upon any delayed receipt of those records as a basis for filing a late appeal.

I find that this appeal is not taken in good faith. If the petitioner's request for a certificate of appealability is granted by the United States Court of Appeals for the Eighth

Circuit, he would be entitled to seek permission from the Court of Appeals to proceed on appeal *in forma pauperis* pursuant to Fed. R. App. P. 24(a)(5).

**ORDER**

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 40, to proceed on appeal *in forma pauperis* is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. Petitioner's motion, Doc. 38, for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22

DATED this 21st day of May, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge